IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN R. MACLEAN, Individually on behalf of himself and all others similarly situated, | § § § § | |
| | § | Civil Action No. 4:16-cv-797 |
| Plaintiffs, | § § | |
| | § | COMPLAINT – CLASS ACTION |
| v. | § | FOR DAMAGES AND |
| | § | INJUNCTIVE RELIEF |
| ARENTZ LAW GROUP, ATTORNEYS AT LAW, P.L.L.C., ARENTZ LAW GROUP, P.C., and THE JOHNSTON LAW GROUP | § § § § | DEMAND FOR JURY |
| | § | |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff John R. MacLean, a/k/a Scotty MacLean, on behalf of himself and all similarly situated persons, complaining of Arentz Law Group, Attorneys at Law, P.L.L.C., Arentz Law Group, P.C. and The Johnston Law Group ("Defendants") and for cause of action would respectfully show the Court as follows:

## I.
## PARTIES

1.      John R. MacLean a/k/a. Scotty MacLean is an individual who resides in Tarrant County, Texas.

2.      Defendant, Arentz Law Group, Attorneys at Law, P.L.L.C. is an Arizona Professional Limited Liability Company, whom may be served with process by serving its registered agent Robert F. Arentz at 2020 N. Central Ave., Ste. 1010, Phoenix, AZ 85004.

3.       Defendant, Arentz Law Group, P.C., is an Arizona Professional Corporation,

whom may be served with process by serving its registered agent Robert F. Arentz at 2020 N. Central Ave., Ste. 1010, Phoenix, AZ 85004.

4.      Defendant, The Johnston Law Group, is a Louisiana entity, who may be served with process by serving its registered agent Christopher Kyle Johnston at 649 Mission St., 5th Floor, San Francisco, CA 94105.

## II.
## JURISDICTION

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Jurisdiction is also proper in this Court pursuant to the U.S. Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715 because the proposed class contains more than 100 members, the aggregate amount in controversy exceeds $5,000,000 and the plaintiff is from a different state from one of the Defendants.

## III.
## VENUE

6.      Venue for this action is predicated upon 28 U.S.C. §1391(a) and 28 U.S.C. §1391(b)(2).

## IV.
## FACTUAL BACKGROUND

*IVC Litigation*

7.      Inferior Vena Cava Filters (IVCs) are medical devices that were marketed to surgeons and patients for implantation in the inferior vena cava of patients.  The manufacturers represented that the device would minimize the dangerous effects of blood clots in patients prone to clot. The marketing plans of the various IVC manufacturers were successful resulting in

hundreds of thousands of IVC filters having been implanted in patients nationwide.

8.      However, complications from the implantation of IVC filters soon ensued which eventually prompted the FDA to issue a warning that IVCs posed risks of filter fracture, device migration and organ perforation. Sadly, the warning signs came too late for some and many patients have alleged significant injuries, including death.   In conjunction with the reported complications and injuries Plaintiffs began filing lawsuits across the country claiming IVC's had caused harm and death.

9.      Specifically, Plaintiffs have filed lawsuits  against various manufacturer's in both federal and state courts and, as a result of the number of filings in the federal court system, the U.S. Judicial Panel on Multidistrict Litigation (MDL) consolidated  lawsuits filed against Cook Medical, Inc. from multiple judicial districts into an MDL in the Southern District of Indiana known as MDL 2570.  Additionally, the U.S. Judicial Panel on Multidistrict Litigation (MDL) consolidated lawsuits against another IVC manufacturer, C.R. Bard, Inc. in the U.S. District Court District of Arizona which is known as MDL 2641.

10.      Cases filed and pursued in MDL's are known in the legal industry as "mass torts". Many law firms who pursue mass tort litigation legally and ethically market and/or advertise their services through state bar approved advertising and services such as web-sites, television, radio, and online social media sites. The marketing cost associated with "mass tort" litigation is significant but most attorneys and firms abide by the rules and laws established by the courts, their bar associations and state statutes regarding barratry.

11.      Sadly, there are attorneys and law firms that ignore ethical rules and barratry laws and use any means necessary in the mad dash to grab as many clients as they can.  These firms

blatantly and with complete disregard for the law (and at any cost) unethically and illegally solicit clients.

12.    Each state has established barratry statutes to protect their citizens from law firms that solicit clients the wrong way.  Many of these states, including Texas, have enacted laws that impose severe penalties for attorney's and firms that engage in illegal solicitation and barratry, with both criminal and civil ramifications.   Additionally, these barratry statutes are often incorporated into the states professional ethics standards.  Texas is a state that takes the barratry statutes seriously.

## Facts Specific to Plaintiff MacLean

13.    The Defendants initiated a massive robo-call campaign indiscriminately contacting Texans all over the state with unsolicited automated telephone calls.  Specifically, Plaintiff MacLean was called at his home at 9:49 a.m. on July 17, 2016 whereby caller ID identified the call coming from IVC Claims Center 520-210-0163 (See Exhibit "A").  MacLean, a licensed Texas attorney intimately familiar with IVC litigation (MacLean has been appointed to the Plaintiff's Steering Committee in MDL 2570) (See Exhibit "B") answered the phone and an automated voice asked if he or anyone he knew had been harmed by an IVC filter.

14.    MacLean immediately knew this was an illegal solicitation in violation of Texas law and decided to "play along" even though he had never been implanted with an IVC filter. MacLean was prompted to push (he believes No.1) which directed him to a "live person" where a conversation about his "potential claim" ensued. Eventually Plaintiff asked the individual (believed to be Nicole) if a Texas lawyer would handle his case and he was informed that Defendant Christopher Kyle Johnston from Louisiana would be his lawyer.  MacLean indicated that he wanted to discuss the matter with his wife and asked for a return number to call should he

decide to retain counsel.  He was directed to call 800-305-6000.  The Arentz Law Group phone

number is 800-305-6000.  Purportedly, the phone call was recorded for "quality assurance".

## V.
## CLASS ACTION ALLEGATIONS

15.    <u>Class Definition</u>. Pursuant to CR 23(b)(2) and (b)(3), Plaintiff brings this case as a

class action on behalf of a Class as defined as follows:

> <u>Anti-Barratry Class</u>: All persons in Texas who: (a) received an
> unsolicited telephone call from the Defendants and/or their
> affiliates, agents, and/or other persons or entities acting on
> Defendant's behalf regarding legal representation in the IVC
> litigation.

16.    Plaintiff asserts that the Anti-Barratry Class should be broken into sub-classes as

follows:

> a.    Proposed Anti-Barratry Class Sub-class #1: All persons
> who received an unsolicited telephone call and entered
> into a contract with Defendants and/or their affiliates,
> agents, and/or other persons or entities acting on
> Defendant's behalf.

> b.    Proposed Anti-Barratry Class Sub-class #2: All persons who
> received an unsolicited telephone call but did not entered
> into a contract with Defendants and/or their affiliates,
> agents, and/or other persons or entities acting on
> Defendant's behalf.

17.    Excluded from the Anti-Barratry Class are the Defendants, any entity in which

Defendants have a controlling interest or that has a controlling interest in Defendants, and

Defendant's legal representatives, assignees, and successors.  Also excluded from the

aforementioned, collectively referenced Class is the judge to whom this case is assigned and any

member of the Judge's immediate family.

18.    <u>Numerosity</u>. The Class is so numerous that joinder of all members is

impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the

disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

19.    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

1.    As to members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(a) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class;

2.    As to Plaintiff and members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651 (c) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class;

3.    As to members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(a) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to all fees and expenses paid to the person under the contract;

4.    As to members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(a) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to actual damages caused by the conduct;

5.    As to members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(a) by making unsolicited telephone calls to

Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to a penalty in the amount of $10,000 for each violation of the statute;

6.      As to members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(a) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to all reasonable and necessary attorney's fees;

7.      As to Plaintiff and members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(c) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to actual damages caused by the conduct;

8.      As to Plaintiff and members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(c) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to a penalty in the amount of $10,000 for each violation of the statute;

9.      As to Plaintiff and members of the Anti-Barratry Class, whether the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated Tex. Govt. Code §82.0651(c) by making unsolicited telephone calls to Plaintiff and members of the Anti-Barratry Class; thus entitling Plaintiff and members of the Anti-Barratry Class to all reasonable and necessary attorney's fees; and,

10.     Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating Tex. Govt. Code §82.0651(a) or (c) in the future.

20.     <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs' claims, like the claims of Class arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

21.     <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

22.     <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

23.     <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with Tex. Govt. Code §82.0651(a) and (c). The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of Tex. Govt. Code §82.0651(a) and (c) are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the telephone calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

24.     <u>Injunctive and Declaratory Relief Appropriate</u>. Defendants have acted on grounds

applicable to the Class, thereby sending final injunctive relief and corresponding declaratory relief with respect to the Class is appropriate on a class wide basis. Moreover, on information and belief, Plaintiff alleges that the unsolicited telephone calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VI.
## FIRST CAUSE OF ACTION
### Violation of Texas Government Code §82.0651(a) (Brought on behalf of Plaintiff and members of the Anti-Barratry Contract Subclass Class)

25.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

26.     Plaintiff brings this claim against Defendants for making unsolicited phone calls with the intent to sign up clients for IVC litigation.

27.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of Texas Government Code §82.0651(a), by causing to be made unsolicited telephone calls for the purpose of singing clients to a contract for legal services with regards to the IVC litigation.

28.     Specifically, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Penal Code §38.12(a)(2) by intentionally trying to obtain an economic benefit for themselves by soliciting employment, by telephone for themselves or another.

29.      Furthermore, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Penal Code §38.12(b)(1) by knowingly financing the commission of the offense under Texas Penal Code §38.12(a)(2).

30.     Furthermore, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Disciplinary Rules of Professional Conduct

Rule 7.03(a) because the Defendants, as lawyers, sought professional employment by telephone contact concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.  Moreover, Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Disciplinary Rules of Professional Conduct Rule 7.03(d) by entering into a contract and/or collecting a fee for professional employment obtained in violation of Rule 7.03(a).

31.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(a) each member of the Class presumptively are entitled to an award of $10,000.00 in damages for each and every unsolicited telephone call made in violation of Texas Government Code §82.0651(a).

32.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(a) each member of the Class presumptively are entitled to an award of actual damages for each and every unsolicited telephone call made in violation of Texas Government Code §82.0651(a).

33.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(a) each member of the Class presumptively are entitled to an award of reasonable and necessary attorney's fees for the unsolicited telephone call made in violation of Texas Government Code §82.0651(a).

34.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating Texas Government Code §82.0651(a), by making

unsolicited telephone calls to Texans in the future.

## VII.
## SECOND CAUSE OF ACTION
**Violation of Texas Government Code §82.0651(c) (Brought on behalf of Plaintiff and members of the Anti-Barratry Non-Contract Subclass)**

35.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

36.      Plaintiff brings this claim against Defendants for making unsolicited phone calls with the intent to sign up clients for IVC litigation.

37.      The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of Texas Government Code §82.0651(c), by causing to be made unsolicited telephone calls for the purpose of singing clients to a contract for legal services with regards to the IVC litigation.

38.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(c) each member of the Class presumptively are entitled to an award of $10,000.00 in damages for each and every unsolicited telephone call made in violation of Texas Government Code §82.0651(c).

39.     Specifically, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Penal Code §38.12(a)(2) by intentionally trying to obtain an economic benefit for themselves by soliciting employment, by telephone for themselves or another.

40.     Furthermore, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Penal Code §38.12(b)(1) by knowingly financing the commission of the offense under Texas Penal Code §38.12(a)(2).

41.     Furthermore, the Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated Texas Disciplinary Rules of Professional Conduct

Rule 7.03(a) because the Defendants, as lawyers, sought professional employment by telephone contact concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain.

42.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(c) each member of the Class presumptively are entitled to an award of actual damages caused by the prohibited conduct made in violation of Texas Government Code §82.0651(c).

43.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of Texas Government Code §82.0651(c) each member of the Class presumptively are entitled to an award of reasonable and necessary attorney's fees for the unsolicited telephone call made in violation of Texas Government Code §82.0651(a).

44.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating Texas Government Code §82.0651(c), by making unsolicited telephone calls to Texans in the future.

## VIII.
## CONDITIONS PRECEDENT

45.     All conditions precedent for the claims above have been performed or has occurred.

## IX.
## DEMAND FOR JURY TRIAL

46.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Class demand a trial by jury.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Scott Maclean, on his own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.     An Order that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

B.     An Order Certifying the proposed Class;

C.     Appointment of Plaintiff Scott Maclean as representatives of the Anti-Barratry Class;

D.     Appointment of the undersigned counsel as counsel for the Class;

E.     An Order that proper notice be sent to the Class at Defendant's expense;

F.     A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate Texas Government Code Sec. 82.0651(c);

G.     An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

H.     An Order awarding statutory damages in an amount of $10,000 per violation;

I.     An award to Plaintiff and the Class of damages, as allowed by law;

J.     An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law

and/or equity;

K.      Leave to amend this Complaint to conform to the evidence presented at trial; and,

L.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

Dated: August 25, 2016.

Respectfully submitted,

LAW OFFICE OF MATTHEW BOBO, PLLC.

/s/ Matthew W. Bobo
**Matthew W. Bobo**
State Bar No. 24006860

4916 Camp Bowie Blvd.
Fort Worth, Texas  76107
Telephone: (817) 529-0774
Facsimile: (817) 698-9401
mbobo@mwblawyer.com

**ATTORNEYS FOR PLAINTIFF**