```
                                                      U.S. DISTRICT COURT
                                                   NORTHERN DISTRICT OF TEXAS
                                                           FILED

                                                      NOV 3 0 2016

                                                  CLERK, U.S. DISTRICT COURT
                                                  By _____
                                                              Deputy
```

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN R. MACLEAN, INDIVIDUALLY ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, §§§§<br><br>Plaintiffs, §§<br><br>VS. §<br>§<br>ARENTZ LAW GROUP, ATTORNEYS AT LAW, P.L.L.C., ET AL., §§§<br><br>Defendants. § | NO. 4:16-CV-797-A |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, John R.
MacLean, to dismiss the counterclaims of defendants, Arentz Law
Group, Attorneys at Law, P.L.L.C., Arentz Law Group, P.C., and
The Johnston Law Group. The court, having considered the motion,
the response of defendants[1], the record, and applicable
authorities, finds that the motion should be granted.

I.

## Grounds of the Motion

Plaintiff alleges that defendants have not pleaded facts
sufficient to show that they have plausible claims against him
for interference with prospective economic advantage,
interference with prospective mass tort clients, and fraud. The
court agrees.

_____

[1]Defendants assert that the Law Office of Christopher K. Johnston, LLC d/b/a Johnston Law
Group is incorrectly identified as The Johnston Law Group in plaintiff's complaint.

II.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is

2

plausible. <u>Iqbal</u>, 556 U.S. at 678.  To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. <u>Id.</u> In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

The elements of a claim for tortious interference with prospective business relations are: (1) a reasonable probability that the plaintiff would have entered into a contractual relationship with a third party; (2) defendants committed an independently tortious or unlawful act that prevented the contract from being formed; (3) the defendant's tort was committed with a conscious desire to prevent the formation of the contract; and (4) the plaintiff suffered actual harm as a result. <u>Staton Holdings, Inc. v. Russell Athletic, Inc.</u>, No. 3:09-CV-419-D, 2009 WL 4016117, at *2 (N.D. Tex. Nov. 20, 2009)(citing <u>Johnson v. Baylor Univ.</u>, 188 S.W.3d 296, 304 (Tex. App.–Waco 2006, pet. denied)).

The elements of a claim for fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, he knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the plaintiff was harmed as a result. Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032-33 (5th Cir. 2010); Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 515 S.W.3d 573, 577 (Tex. 2001). A cause of action for fraudulent inducement contains the same elements as a fraud claim, but with the added requirement that an underlying contract was fraudulently induced. Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp, 646 F.3d 321, 325 (5th Cir. 2011); Haase v. Glazner, 62 S.W.3d 795, 798 (Tex. 2001).

Fraud claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and must be pleaded with particularity. Sullivan v. Leor Energy, L.L.C., 600 F.3d 542, 550-51 (5th Cir. 2010). Thus, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and

4

explain why the statements were fraudulent." Id., at 551. See

Benchmark Elecs., Inc. v. J.M Huber Corp., 343 F.3d 719, 724 (5th

Cir. 2003).

III.

Analysis

Defendants assert identical counterclaims against plaintiff.

Docs.[2] 12 & 13. The first is titled "Interference with

Prospective Economic Advantage." Doc. 12 at 12-13; Doc. 13 at 12-

13. The second is titled "Interference with Prospective Mass Tort

Clients." Doc. 12 at 13-14; Doc. 13 at 13-14. Defendants appear

to contend that plaintiff intentionally interfered with certain

unidentified economic relationships. The "claims" sections of the

counterclaims contain nothing more than conclusory allegations,

which are not sufficient to state a plausible right to relief.

The only facts potentially relevant to these claims are set forth

in paragraph 11 of the counterclaims, Doc. 12 at 12; Doc. 13 at

12, which alleges that plaintiff sent a copy of his unfiled

complaint to a reporter who published an article reiterating

accusations from the complaint. In particular, they allege that

the article "received significant attention from vendors and

attorneys." Id. There are no facts pleaded with regard to any

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

alleged interference with prospective contracts. Nor are any facts pleaded with regard to any independently tortious act of plaintiff. Nor have defendants alleged any ascertainable loss.

Likewise, the fraud claims asserted by defendants merely contain conclusory allegations. Doc. 12 at 14; Doc. 13 at 14. The alleged false representation of plaintiff is that he was a potential client seeking an attorney to represent him. In other words, defendants say that they did not solicit plaintiff; rather, he solicited them. However, the facts pleaded are not sufficient to state a fraud claim. In fact, defendants do not allege that they were harmed by the fraud, but rather by the alleged interference. Doc. 12 at 14, ¶ 25; Doc. 13 at 14, ¶ 25.

IV.

Order

For the reasons discussed herein,

The court ORDERS that plaintiff's motion to dismiss be, and is hereby, granted, and the counterclaims asserted by defendants be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the

6

dismissal of defendants' counterclaims.

SIGNED November 30, 2016.

JOHN McBRYDE
United States District Judge