

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN R. MACLEAN, INDIVIDUALLY ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:16-CV-797-A |
| ARENTZ LAW GROUP, ATTORNEYS AT LAW, P.L.L.C., ET AL., | § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Arentz Law Group, Attorneys at Law, PLLC, Arentz Law Group, PC, and the Johnston Law Group (collectively "movants") for summary judgment. The court, having considered the motion, the response of plaintiff, John R. MacLean, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part.

I.

Plaintiff's Claims

The operative pleading is plaintiff's first amended class action[1] complaint filed November 9, 2016. Doc.[2] 21. Plaintiff's claims are based on an automated telephone call he received at

---

[1] By order signed December 9, 2016, the court denied plaintiff's request for class certification.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

his home that he says was designed to illegally solicit his participation in mass tort litigation involving inferior vena cava filters. Plaintiff asserts two causes of action: first, for violation of Tex. Gov't Code § 82.0651(a), and second, for violation of Tex. Gov't Code §82.0651(c).

II.

## Grounds of the Motion

Movants urge two grounds in support of their motion. First, they are entitled to judgment as to the first cause of action because plaintiff was never their client; hence, section 82.0651(a) does not afford him any relief. Second, movants did not solicit or knowingly cause or finance any third party to solicit plaintiff.

III.

## Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of

3

law.[3] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

IV.

Analysis

A. Barratry

The Texas Government Code provides, in pertinent part:

> (a) A client may bring an action to void a contract for legal services that was procured as a result of conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, and to recover any amount that may be awarded under Subsection (b). . . .
>
> (c) A person who was solicited by conduct violating Section 38.12(a) or (b), Penal Code, or Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas, regarding barratry by attorneys or other persons, but who did not enter into a contract as a result of that conduct, may file a civil action against any person who committed barratry.

Tex. Gov't Code Ann. §82.0651(a) & (c) (West Supp. 2016).

The Penal Code, in turn, provides, in pertinent part:

> (a) A person commits an offense if, with intent to obtain an economic benefit the person:

---

[3] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

4

> (1) knowingly institutes a suit or claim that the person has not been authorized to pursue;
> (2) solicits employment, either in person or by telephone, for himself or another;
> (3) pays, gives, or advances or offers to pay, give, or advance to a prospective client money or anything of value to obtain employment as a professional from the prospective client;
> (4) pays or gives or offers to pay or give a person money or anything of value to solicit employment;
> (5) pays or gives or offers to pay or give a family member of a prospective client money or anything of value to solicit employment; or
> (6) accepts or agrees to accept money or anything of value to solicit employment.
>
> (b) A person commits an offense if the person:
> (1) knowingly finances the commission of an offense under Subsection (a);
> (2) invests funds the person knows or believes are intended to further the commission of an offense under Subsection (a); or
> (3) is a professional who knowingly accepts employment within the scope of the person's license, registration, or certification that results from the solicitation of employment in violation of Subsection (a).

Tex. Penal Code Ann. § 38.12(a) & (b) (West 2016).

And, the Texas Disciplinary Rules of Professional Conduct provide, in pertinent part:

> (a) A lawyer shall not by in-person contact, or by regulated telephone or other electronic contact as defined in paragraph (f) seek professional employment concerning a matter arising out of a particular occurrence or event, or series of occurrences or events, from a prospective client or nonclient who has not sought the lawyer's advice regarding employment or with whom the lawyer has no family or past or present attorney-client relationship when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain. . . .
> (b) A lawyer shall not pay, give, or offer to pay or give anything of value to a person not licensed to

5

practice law for soliciting prospective clients for, or referring clients or prospective clients to, any lawyer or firm, except that a lawyer may pay reasonable fees for advertising and public relations services rendered in accordance with this Rule and may pay the usual charges of a lawyer referral service tat meets the requirements of Occupational Code Title 5, Subtitle B, Chapter 952.

    (c) A lawyer, in order to solicit professional employment, shall not pay, give, advance, or offer to pay, give, or advance anything of value, other than actual litigation expenses and other financial assistance as permitted by Rule 1.08(d), to a prospective client or any other person; provided, however, this provision does not prohibit the payment of legitimate referral fees as permitted by Rule 1.04(f) or by paragraph (b) of this Rule.

    (d) A lawyer shall not enter into an agreement for, charge for, or collect a fee for professional employment obtained in violation of Rule 7.03(a), (b), or (c).

    (e) A lawyer shall not participate with or accept referrals from a lawyer referral service unless the lawyer knows or reasonably believes that the lawyer referral service meets the requirements of Occupational Code Title 5, Subtitle B, Chapter 952.

    (f) As used in paragraph (a), "regulated telephone or other electronic contact" means any electronic communication initiated by a lawyer or by any person acting on behalf of a lawyer or law firm that will result in the person contacted communicating in a live, interactive manner with any other person by telephone or other electronic means. For purposes of this Rule, a website for a lawyer or law firm in not considered a communication initiated by or on behalf of that lawyer or firm.

Tex. Disciplinary Rules Prof'l Conduct R. 7.03, <u>reprinted in</u> Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2013) (hereinafter "Rule 7.03").

B.  Tex. Gov't Code §82.0651(a)

As movants note, subsection (a) of section 82.0651 says that a client may bring an action thereunder. As plaintiff readily admits that he never became a client of movants, this provision does not apply to him.[4] Smith v. Texas, No. H-12-469, 2012 WL 5868657, at *11 (S.D. Tex. Oct. 26, 2012).

C.  Tex. Gov't Code § 82.0651(c)

The second ground of the motion urges that movants did not violate subsection (c) of the statute, because they did not directly solicit plaintiff, knowingly cause anyone else to do so, or knowingly finance anyone else's doing so. They contend that their summary judgment evidence establishes that they did not violate section 38.12 or Rule 7.03. They argue that Rule 7.03 explicitly permits automated, opt-in telephone calls like the one at issue in this case. Rule 7.03, cmt. 1 (solicitations that do not present opportunities for abuse, "such as pre-recorded telephone messages requiring a separate return call to speak to or retain an attorney . . . are permitted"). And, Penal Code 38.12(c) excepts from prosecution under subsections (a) and (b) conduct that is authorized by the Texas Disciplinary Rules of Professional Conduct.

---

[4] In fact, plaintiff makes no response to this ground of the motion.

7

Plaintiff wants to ignore the exception, but the cases he relies upon, e.g., O'Quinn v. State Bar of Tex., 763 S.W.2d 397, 403 (Tex. 1988); State v. Sandoval, 842 S.W.2d 782, 791 (Tex. App.-Corpus Christi 1992, pet. ref'd), do not discuss a fact situation like the one alleged here. However, neither do movants cite any cases to show that what happened here is authorized. They have not pointed to any summary judgment evidence to show that the pre-recorded telephone message to plaintiff required a separate return call to speak to or retain an attorney. Rather, the declaration of Robert Arentz says that phone calls were transferred to Arentz Law Group, P.C. Doc. 51 at 7. And, plaintiff's declaration reflects that he spoke with a female and "was informed that Defendant Christopher Kyle Johnston from Louisiana would be [his] lawyer." Doc. 65 at 2, ¶ 7. He was given another number to call because he asked for one. Id. At the very least, plaintiff has raised a fact issue as to whether barratry actually occurred.

Movants have established that Arentz Law Group, Attorneys at Law PLLC, handles criminal and bankruptcy cases and did not participate in the calling practice about which plaintiff complains. Accordingly, judgment for that defendant is being granted.

V.

Order

The court ORDERS that movants' motion for summary judgment be, and is hereby, granted in part and (1) plaintiff's claims asserted in count one of plaintiff's complaint be, and are hereby, dismissed; and (2) plaintiff's claim asserted in count two of plaintiff's complaint as to defendant Arentz Law Group, Attorneys at Law PLLC, be, and is hereby dismissed. The court otherwise ORDERS that the motion for summary judgment be, and is hereby, denied.

SIGNED July 27, 2017.

_____
JOHN McBRYDE
United States District Judge