IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN R. MACLEAN, Individually on behalf of himself and all others similarly situated, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:16-cv-797 |
| v. | § § § | COMPLAINT –FOR DAMAGES AND INJUNCTIVE RELIEF |
| ARENTZ LAW GROUP, ATTORNEYS AT LAW, P.L.L.C., ARENTZ LAW GROUP, P.C., and THE JOHNSTON LAW GROUP | § § § | DEMAND FOR JURY |
| Defendants. | § § § § § | |

## PLAINTIFF JOHN R. MACLEAN'S BRIEF IN SUPPORT OF HIS MOTION TO COMPEL RESPONSES TO WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff files this brief in support of his Motion to Compel Responses to Written Discovery. Plaintiff would respectfully show the Court as follows:

Counsel for Plaintiff is acutely aware that this Court does not like discovery disputes; however, it has reached a point where Plaintiff is left with no alternative than to seek the Courts intervention to obtain discovery he is entitled to. The discovery requests, outlined below, seek only relevant information and should be answered completely with full disclosure and without objection. The Defendants have the information, Plaintiff does not and does not have access to it other than through the Defendants.

### FACTUAL HISTORY

This dispute arises from whether or not Defendants violated the Texas Anti-Barratry laws.

Plaintiff sent very straightforward written discovery to obtain evidence directly related and material to the underlying case. The Defendant's responses are nothing more than boiler plate objections and a flat refusal to respond. Plaintiff has repeatedly asked for proper responses; to no avail. It is an absolute abuse of the discovery process and the Defendants should be made to withdraw their objections and produce responsive answers and documents.

## PROCEDURAL HISTORY

1. Plaintiff served Defendants Arentz and Johnston with First Set of Requests for Admissions on March 3, 2017. A true and correct copy of Defendants' responses are attached hereto as Exhibit A. (App. 001-005)

2. Plaintiff served Defendants Arentz and Johnston with First Set of Interrogatories on March 3, 2017. A true and correct copy of Defendants' responses are attached hereto as Exhibit B. (App. 006-015)

3. Plaintiff served Defendants Arentz and Johnston with First Set of Requests for Production of Documents on March 3, 2017. A true and correct copy of Defendants' responses are attached hereto as Exhibit C. (App. 016-029)

4. Documents produced by Defendants are attached hereto as Exhibit D. (App. 030-042)

## ARGUMENTS AND AUTHORITIES

### A.   Plaintiff's Request for Admission

Defendants have made improper objections to Request for Admission Nos. 1-3. (App. 001-002). The requests are straightforward, no objection is valid and Defendants should either simply admit or deny.

### B.   Plaintiff's Interrogatories

Defendants have made improper objections to Interrogatory Nos. 2, 3, 12, 14, 16, 17. (App. 006-015) The Interrogatories are straightforward, no objection is valid and Defendants should answer them fully.

Interrogatory Nos. 2, 3 and 12 (App. 007 and 010-011) – The objections are not valid. Plaintiff is entitled to know who is involved and the relationship between those parties in the marketing efforts that led to the unsolicited phone call. The Arentz and Johnston Defendants have admitted they have agreements amongst themselves, yet refuse to answer regarding same.

Interrogatory No. 14 (App. 011-012) – The objection is not valid. Plaintiff is entitled to have a description of the marketing material as they pertain to the IVC marketing campaign at issue in this lawsuit. It goes to the heart of the matter.

Interrogatory No. 16 (App. 012) – The objection is not valid. If Defendant is a repeat offender of ethical rules, which he is, then that is certainly obtainable in discovery. Defendants' contention that the Court has ruled on this issue is simply false. Plaintiff is entitled to know if Defendants have a history of ethical rules violations.

Interrogatory No. 17 (App. 012-013) – The objection is not valid. The statutes at issue deal directly with those who funded activities that are in violation of the anti-barratry laws. This information is clearly discoverable and there is no basis for objecting or not answering.

C.   **Plaintiff's Request for Production of Documents**

Defendants have made improper objections to Request for Production Nos. 2, 3, 12, 14, 16, 17. (App. 017, 020-021) The Requests for Production are straightforward, no objection is valid and Defendants should provide documents responsive to same.

Request for Production Nos. 1, 2, 7, 8, 10, 14-17 and 25 (App. 016, 019-0210, 025) - Defendants have made no objection and agreed to produce responsive documents but as of yet have not produced any documents in response to these requests. The requests are relevant to the major issue in this case and it is difficult to imagine no documents exist. Further, the scant

documents provided in response to No. 25, attached hereto as Exhibit D (App. 030-043), are incomplete at best and the entire email string should be produced.

Request for Production Nos. 3 and 5 (App. 017-018) – Defendants objections are invalid. The requests simply ask for any documents they possess related to Plaintiff and the other two named Defendants, Granite and Berkin. The objection should be withdrawn and documents produced.

Request for Production No. 9 (App. 019) – Defendants objections are invalid. The requests simply ask for agreements between Defendants and third parties involved in marketing services. These marketing services are at the heart of this lawsuit and are clearly discoverable. The objection should be withdrawn and documents produced.

Request for Production No. 12 (App. 020) – Defendants objections are invalid. The requests simply ask for documents related to how Defendants determine if a number is on a do not call list. Defendants called Plaintiff how did they determine if Plaintiff was on a do not call list is discoverable. The objection should be withdrawn and documents produced.

Request for Production Nos. 19 and 31 (App. 021-022, 027) – Defendants objections are invalid. The statutes at issue deal directly with those who funded activities that are in violation of the anti-barratry laws. This information is clearly discoverable as the requests are relevant to the major issue in this case and it is difficult to imagine no documents exist. The objection should be withdrawn and documents produced.

### III.
### CONCLUSION

WHEREFORE, PREMISES, CONSIDERED, Plaintiff respectfully prays that this Court grant his Motion to Compel, enter an Order compelling full and complete responses to the foregoing discovery requests, and enter an Order overruling Defendants' objections asserted

thereto, and for such other and further relief, both special and general, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated: October 5, 2017.

Respectfully submitted,

By:   By: _____
MATTHEW W. BOBO
State Bar No. 24006860
THE LAW OFFICE OF MATTHEW BOBO, PLLC
4916 Camp Bowie Blvd.
Fort Worth, Texas 76107
(817) 529-0774
(817) 698-9401 fax
mbobo@mwblawyer.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Brief in Support of Motion to Compel Responses to Written Discovery* has been served on counsel via electronic service on this 5th day of October, 2017.

Jeff Tillotson
TILLOTSON LAW
750 North Saint Paul
Suite 610
Dallas, Texas 75201
Direct: 214-382-3040
Mobile: 214-695-5333
jtillotson@TillotsonLaw.com

David M. Hymer
State Bar No. 10380250
QUINTATAIROS, PREITO, WOOD & BOYER, P.A.
1700 Pacific Ave., Suite 4545
Dallas, Texas 75201
214-754-8755 Phone
214-754-8744 (fax)
david.hymer@qpwblaw.com

**ATTORNEY FOR DEFENDANTS ARENTZ LAW GROUP P.L.C. AND THE JOHNSTON LAW GROUP**

_____
Matthew W. Bobo

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 4, 2017, Plaintiff's counsel conferred with Defendants' counsel and they are not able to agree to the relief sought in this motion.

_____
Matthew W. Bobo